## ST. LOUIS, B. & M. RY. CO. v. KNIGHT.
### (No. 7779.)

Court of Civil Appeals of Texas. San Antonio.
May 11, 1927.

Rehearing Denied June 8, 1927.

1. **Appeal and error ⊚⇒994(2)—Comparative credibility of witnesses was for jury.**

Appellate court had no power to determine the comparative credibility of plaintiff and defendant's witnesses; this being a matter for the jury.

2. **Master and servant ⊚⇒278(18)—Finding of negligence sustained, where railroad employee, going to restaurant, was struck by car without properly set brakes.**

In action for personal injury brought against railroad by employee, who was going from caboose to restaurant on a well-beaten path when he was run down by a car which had been placed on a sloping track, without the brakes being properly set, evidence *held* to sustain finding that railroad was negligent.

3. **Master and servant ⊚⇒281(2)—Finding railroad employee going from caboose to restaurant was not guilty of contributory negligence when struck by car held sustained.**

In action for personal injuries brought against railroad by employee who was going from a caboose to a restaurant upon a well-beaten path and watching cars being moved by a switch engine, when he was run down by a car which had been placed on a sloping track without the brakes being properly set, evidence *held* to sustain finding that employee was not guilty of contributory negligence.

4. **Master and servant ⊚⇒89(1)—Railroad employee, injured while going from caboose to restaurant, held not "trespasser."**

In action for personal injuries against railroad, employee who was injured while going from a caboose, where he was given his sleeping place, to a restaurant, for the purpose of getting food, upon a well-beaten path, in the nighttime, *held* not a "trespasser."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Trespasser.]

---

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. Trial ⚎62(2)—Where railroad's witness testified cars would not roll forward at time alleged, testimony that cars would do so following year held admissible.**

In action by employee alleging that he was run down by a railroad car put on a sloping track, without the brakes being properly set, where railroad's witness testified that cars would not roll forward on the track in May or June, 1923, as plaintiff said, and would not do so now, plaintiff's witness might testify that cars would roll forward in 1924, where there was no evidence that there was any change in the level of the tracks.

**6. Witnesses ⚎330(1)—Plaintiff could cross-examine defendant's employee on pertinent or impertinent matters to discredit him.**

In action against railroad, plaintiff might question railroad's employee on pertinent or impertinent matters in order to discredit him.

**7. Master and servant ⚎267(1)—Railroad employee, going from caboose to restaurant when struck by car, might testify to usual location of caboose.**

In action for personal injuries by employee, who was going from a caboose, where he lived, to a restaurant, when he was run down by railroad car which had been put on sloping track, without the brakes being properly set, plaintiff's testimony as to usual location of the caboose on the track was admissible.

Appeal from District Court, Cameron County; A. M. Kent, Judge.

Suit for personal injuries by James Knight against the St. Louis, Brownsville & Mexico Railway Company. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Davenport, West & Ransome, of Brownsville, for appellant.

Seabury, George & Taylor, of Brownsville, and K. C. Barkley, W. Owen Dailey, and Ralph W. Plummer, all of Houston, for appellee.

FLY, C. J. This is a suit for damages instituted by appellee against appellant; the damages being alleged to have arisen from personal injuries inflicted on appellee through the negligence of appellant, while he was in the employment of appellant. Appellant answered by general demurrer and general denial, and specially answered that appellee was not performing any service for appellant when hurt, but was a trespasser on its property, and that he was guilty of contributory negligence. The jury, in answer to special issues, found that appellee was injured, as alleged in the petition, through the negligence of appellant, that he was not guilty of contributory negligence, and that he was damaged in the sum of $5,000, and the judgment was rendered in accordance with the findings.

[1-3] This court has no power or authority to go into the question of the comparative credibility of appellee and the witnesses for appellant. That was a matter addressed to the jury, and they evidently preferred appellee's testimony to that presented by appellant and based the verdict upon that testimony. There is nothing so contradictory, inconsistent, or unreasonable in the account given by appellee as to the circumstances and manner of his injuries to remotely justify this court in assuming the prerogatives of the jury and pass upon the credibility of the witness and the weight to be given his testimony, as is suggested by the first proposition. The jury settled those matters by their verdict, and we are not prepared to hold that their findings were not correct.

Appellee swore that he was injured in the yards of appellant at Harlingen, between 1 and 2 o'clock in the morning, on June 1, 1923, while he was on the middle track. On the night of the injury appellee was occupying a caboose that was standing on one of the tracks, and although not on duty was subject to call at any time. He left the caboose to go across to a restaurant to get food, and followed a well-beaten path used by pedestrians to cross the several tracks. The employees used that track by day or night. The tracks were on an inclined plane, and, while appellee was watching the cars that were being shunted back and forth by the switch engine, which was at work, a car which had been on one of the tracks with the brakes not properly set ran down upon appellee and struck him, and he caught on the brake beams, and the car was then struck by other cars, and appellee knocked off, and his right hand was so mangled that he lost it and two fingers also from the left hand. His jaw was also broken. No attempt was made by appellant to show that any outlook was kept while switching cars across a much used path.

It is stated in appellant's brief:

"The evidence introduced was sharply conflicting on all the issues, and will be discussed in detail in the several assignments."

Still appellant asks this court to reverse the judgment because of a lack of testimony and because appellee's testimony was contradicted by the witnesses for appellant. If "the evidence introduced was sharply conflicting on all the issues," then it was peculiarly a jury case, and, such issues having been resolved by the jury in favor of appellee, this court has neither the power nor desire to interfere with the verdict.

[4] Appellee was not a trespasser in the yards of appellant. He was given a sleeping place in a caboose on one of the tracks; he was an employee of the company, and had the right with others to use the path across the

tracks. He was at his place of business when hurt.

[5] A witness for appellant stated that the cars would not roll south on the middle track in May and June, 1923, as appellee said they did, and that they would not so roll now, and the court properly allowed appellee to introduce a witness who stated he did not know whether the cars would roll in 1923, but knew they would in 1924. There was no evidence that there had been any change since 1923 in the level of the tracks, and the testimony was proper to rebut appellant's testimony.

[6] Appellee had the right to ask the questions he did of Miller, a servant of appellant, in order to discredit him. Appellee merely exercised the right of cross-examination on pertinent or impertinent matters in order to discredit the witness.

[7] The sixth proposition is overruled. It was not error to permit appellee to swear as to the usual location of the caboose on the track.

None of the errors assigned should be sustained, and the judgment ·is affirmed.